NOT DESIGNATED FOR PUBLICATION

Nos. 119,972
119,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD JASON HUNT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed April 19, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Harold Jason Hunt appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in two separate cases. We granted Hunt's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the district court's judgment be affirmed.

In 17CR491, Hunt pled no contest to unlawful possession of a controlled substance. On April 13, 2018, the district court sentenced Hunt to 34 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections. In 18CR20, Hunt pled no contest to criminal

1

damage to property. Also on April 13, 2018, the district court sentenced Hunt to 14 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections. The district court ordered the sentences in the two cases to be served consecutively.

The probation got off to a poor start. At a hearing on July 27, 2018, Hunt admitted to violating the conditions of his probation by using methamphetamine. As a result, the district court revoked Hunt's probation and ordered him to serve his underlying prison sentences. Hunt timely appealed and the cases have been consolidated on appeal.

On appeal, Hunt claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." Hunt acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Hunt makes no claim that the district court's decision to revoke his probation was based on an error of fact or law. As the State points out in its response, the district court

did not have to consider any intermediate sanctions in Hunt's cases because his probation was originally granted as the result of a dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here, the district court gave Hunt a chance by granting probation in two separate cases that were presumptive imprisonment. Hunt squandered that chance by almost immediately violating the conditions of his probation, in particular, by continuing to use illegal drugs. In revoking Hunt's probation, the district court stated:

> "[Mr. Hunt] has not complied with what he's been ordered to do, and he's been sanctioned. . . . He gets out of jail after an extensive period of time, and the first thing he does is uses methamphetamine. He does not address his mental health issues. . . . Doesn't take his medication as prescribed. . . . Based on the fact that he was—Mr. Hunt, that you were presumptive prison in both of these felony cases and you received a departure, the law allows me to revoke your probations, and I'm going to do that, and I'm ordering that you serve your original underlying sentences, 34 months in 17-CR-491, and 14 months in 18-CR-20. Those are consecutive for a total of 48 months with the Department of Corrections."

Based on our review of the record, the district court's decision to revoke Hunt's probation was not arbitrary, fanciful, or unreasonable, and it was not based an error of fact or law. Hunt has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Affirmed.